IN THE UNITED STATES DISTRICT COURT,
FOR THE DISTRICT OF KANSAS
WITCHITA DIVISION

| | |
|---|---|
| SHAWN WOOD, an individual; on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> VIRTUOSO SOURCING GROUP, LLC, a Colorado Limited Liability Company; JUDITH A. LASPADA, Individually and in Her Official Capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, <br><br> Defendants. | CASE NO.: 11-cv-2691 JTM/GLR |

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Shawn Wood ("Plaintiff" or "WOOD"), on behalf of himself and all others similarly situated, and by way of Complaint against the Defendants, VIRTUOSO SOURCING GROUP, LLC ("VIRTUOSO SOURCING") and JUDITH A. LASPADA ("LASPADA") says:

### I.  PRELIMINARY STATEMENT

1. Plaintiff, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who, *inter alia*, used false, deceptive, and misleading practices, and other illegal

practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3. Such practices include, *inter alia*:

(a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of the Defendant's identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt);

(c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(d) Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means in connection with the collection of any debt or to obtain information concerning a consumer.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection

practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Tenth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." to "ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Carman v. CBE Group, Inc.*, 782 F. Supp. 2d 1223, 1233 (10th Cir. 2011).

6. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt

or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

8. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, on behalf of himself and all others similarly situated, requests that he and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

## II. PARTIES

9. WOOD is a natural person.

10. At all times relevant to this complaint, WOOD was a citizen of, and resided in, the City of Wichita, Sedgwick County, Kansas.

11. VIRTUOSO SOURCING is a limited liability company existing pursuant to the laws of the State of Colorado. VIRTUOSO SOURCING maintains its principal business address at 3033 South Parker Road, in the City of Aurora, Arapahoe County, Colorado.

12. Plaintiff is informed and believes, and on that basis alleges, that LASPADA is a natural person who resides in the Community of Edwards, Eagle County, Colorado.

13. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of VIRTUOSO SOURCING that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by VIRTUOSO SOURCING and therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are subject to personal jurisdiction in the State of Kansas at the time this action is commenced.

## IV. FACTS REGARDING PLAINTIFF

17. Sometime prior to December 23, 2010, Plaintiff allegedly incurred a financial obligation ("WOOD Obligation").

18. The WOOD Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19. Defendant contends that Plaintiff defaulted on the WOOD Obligation.

20. The WOOD Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

21. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

22. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to December 23, 2010, the creditor of the WOOD Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to VIRTUOSO SOURCING for collection.

23. VIRTUOSO SOURCING collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

24. VIRTUOSO SOURCING is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. VIRTUOSO SOURCING, along with its owners, officers, managers, supervisors, and other employees, implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw all of the illegal policies

and procedures alleged herein.

26.     LASPADA is a principal owner, director, member, shareholder, and/or manager of VIRTUOSO SOURCING.

27.     LASPADA attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

28.     Plaintiff is informed and believes, and on that basis alleges, that LASPADA personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, oversaw, and enforced all of the illegal policies and procedures used by other employees of VIRTUOSO SOURCING that are alleged in this complaint.

29.     LASPADA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30.     Within the one year immediately preceding the filing of this complaint, VIRTUOSO SOURCING contacted Plaintiff on multiple occasions via telephone in an attempt to collect the WOOD Obligation.

31.     Within the one year immediately preceding the filing of this complaint VIRTUOSO SOURCING left multiple "pre-recorded" telephonic voice messages for Plaintiff on his home answering machine ("Messages").

32.     By way of limited example, the following is a transcription of one such "live" telephonic voice message that VIRTUOSO SOURCING left for Plaintiff on at least the date of December 23, 2010, which is during the one year period immediately preceding the filing of this complaint:

> "Yeah, this message is for Shawn Wood. My name is Brian Greene, I was calling from the Virtuoso Sourcing Group. I need for you to get in contact with me at 877- 738-7938, that's at extension 4181 and when you call there is a file number for you it's 3506589. Once again, my name is Brian Greene at extension 4181. Thank you."

33. By way of limited example, the following is a transcription of one such "pre-recorded" telephonic voice message that VIRTUOSO SOURCING left for Plaintiff on at least the date of December 24, 2010, which is during the one year period immediately preceding the filing of this complaint:

> "Hello. This is an important call for Shawn Wood. This is not a telemarketing call. Please ask Shawn Wood to call us at 800-615-8948 and reference account number 3506589. Thank you. Good bye."

34. The telephone number "877-738-7938" is answered by persons who are employed by VIRTUOSO SOURCING as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

35. The telephone number "800-615-8948" is answered by persons who are employed by VIRTUOSO SOURCING as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

36. Each of the Messages was left by persons employed as debt collectors by VIRTUOSO SOURCING in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

37. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

38. At the time Plaintiff received the Messages, he did not know the identity of callers.

39. At the time Plaintiff received the Messages, he did not know a person named "Brian Greene".

40. At the time Plaintiff received the Messages, he did not know that the callers were debt collectors.

41. At the time Plaintiff received the Messages, he did not know that the calls concerned the collection of a debt.

42. The Messages uniformly failed to identify VIRTUOSO SOURCING by its true company name as the caller.

43. The Messages uniformly failed to disclose that the communication was from a debt collector.

44. The Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

45. The Messages uniformly failed to provide meaningful identification of VIRTUOSO SOURCING's identity as the caller.

46. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by VIRTUOSO SOURCING, and then provide that debt collector with personal information.

47. VIRTUOSO SOURCING intended that the Messages have the effect of

causing Plaintiff and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

48. Scores of federal court decisions uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

49. At all times relevant to this action, VIRTUOSO SOURCING was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

50. Scores of federal court decisions uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

51. At all times relevant to this action, VIRTUOSO SOURCING was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

52. At all times relevant to this action, VIRTUOSO SOURCING willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating

its company name and stating the nature and/or purpose of the call.

53. VIRTUOSO SOURCING's act of leaving the Messages for Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

54. VIRTUOSO SOURCING's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

55. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that VIRTUOSO SOURCING is a debt collector in a manner understandable to the least sophisticated consumer, VIRTUOSO SOURCING has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V. POLICIES AND PRACTICES COMPLAINED OF

56. It is Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*:

 (a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of VIRTUOSO SOURCING's identity;

 (b) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt);

(c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(d) Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means in connection with the collection of any debt or to obtain information concerning a consumer.

57. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

58. This action is brought as a class action. Plaintiff brings this action on behalf of himself, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59. This claim is brought on behalf of a Plaintiff Class, consisting of a class of (a) all persons with addresses in the State of Kansas (b) for whom VIRTUOSO SOURCING left a telephonic voice message, in the form of the Messages, (c) that failed to identify the caller as a debt collector or state that the call was for collection purposes (d) made in connection with VIRTUOSO SOURCING's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

60. The identities of all class members are readily ascertainable from the records of VIRTUOSO SOURCING.

61. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their

respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

62.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

63.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

64.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

65.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class

members. With respect to the Plaintiff Class, the principal issues are whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

66. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create

a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for VIRTUOSO SOURCING, which, on information and belief, collects debts throughout the United States of America.

67. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §§1692d(6), 1692e(10), and 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

68. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

69. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

70. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

71. Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Engaging in conduct the natural consequence of which is to harass, oppress,

       or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b) Placing telephone calls without providing meaningful disclosure of VIRTUOSO SOURCING's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(d) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. § 1692e(10);

(e) Failing to disclose in its initial communication with the consumer, when that communication is oral, that VIRTUOSO SOURCING is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(f) Failing to disclose in all oral communications that VIRTUOSO SOURCING is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII.  PRAYER FOR RELIEF

72. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a

      class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing WOOD and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii)    An award of the maximum statutory damages for WOOD and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(iv)   For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests Kansas City, Kansas as the place of trial.

                        Respectfully submitted,

                        WOOD LAW FIRM, LLC

                        */s/ Noah K. Wood*
                        Noah K. Wood, Esq.    KS Bar #23238
                        Michael T. Miller, Esq.   KS Bar #24353
                        1100 Main Street, Suite 1800
                        Kansas City, MO  64105
                        E-Mail:  noah@woodlaw.com
                        Telephone: (816) 256-3582
                        Facsimile:   (816) 337-4243

                        *Attorney for Plaintiff, Shawn Wood, and all others similarly situated*